| NOKSHI, INC.,                | :  | 05-CV-4683 (ARR)      |
|                              | :  |                       |
|                  Plaintiff,  | :  | NOT FOR               |
|                              | :  | PUBLICATION           |
|     -against-                | :  |                       |
|                              | :  | OPINION AND ORDER     |
| JAFOR, et al,                | :  |                       |
|                              | :  |                       |
|                  Defendants. | :  |                       |
|                              | :  |                       |
|------------------------------X|   |                       |

ROSS, United States District Judge:

Plaintiff Nokshi, Inc. brought an action against defendants Jafor, Jafor Communication, Jafor Communications, Inc., and Nokshi U.S.A. Corp. in the Supreme Court of the State of New York, Queens County. The parties agree that the plaintiff filed the Summons and Verified Complaint with the Supreme Court of the State of New York, Queens County on either July 25, 2005 or July 26, 2005.

On October 4, 2005, defendants filed a Notice of Removal in the United States District Court for the Eastern District of New York under 28 U.S.C. § 1441, removing the action to federal court on federal question grounds pursuant to 28 U.S.C. § 1331. In the Notice of Removal, defendants state that "[t]his Notice of Removal is being filed within forty five days after receipt by petitioner of plaintiff's complaint. The time frame exceeds 30 days due to illness of plaintiff's counsel."

By motion dated October 22, 2005 and filed with the court on October 26, 2005, the plaintiff seeks to remand the case to state court. Plaintiff seeks remand based on the fact that

1

receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b) (emphasis added).

A defendant who wishes to remove a case to federal court must file a notice of removal within thirty days of receiving the summons and complaint. See 28 U.S.C. § 1446; Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348-49 (1999). Where, as in this case, the plaintiff challenges the removal by filing a motion to remand, the defendant bears the burden of establishing that the removal is proper. See, e.g., Fernandez v. Hale Trailer Brake & Wheel, 322 F. Supp. 2d 621, 623 (S.D.N.Y. 2004). Here, defendants admit that the Notice of Removal was filed more than 30 days after they received plaintiff's complaint. Notice of Removal ¶6 ("This Notice of Removal is being filed within forty five days after receipt by petitioner of plaintiff's complaint. This time frame exceeds 30 days..."). However, defendants suggest that their failure to file the notice of removal within thirty days should be excused due to their counsel's illness. Id.

Absent a finding of waiver or estoppel, federal courts rigorously enforce the thirty-day filing requirement set forth in § 1446(b). See, e.g., Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1046 (2d Cir. 1991); Nasso v. Seagal, 263 F. Supp. 2d 596, 605 (E.D.N.Y. 2003) (quoting Nicola Prods. Corp. v. Showart Kitchens, Inc., 682 F. Supp. 171, 172-3 (E.D.N.Y. 1988) ("It is 'well established' that the thirty-day filing period, 'while not jurisdictional, is mandatory.'")). Additionally, courts have consistently held that the thirty-day filing requirement

Illness of counsel does not excuse defendants' failure to file the notice of removal within the statutory period. In holding that the thirty-day period for filing notices of removal is "mandatory," courts have, for example, concluded that neither accidental calculation errors (see, e.g., Maldonado v. Gold, 2000 U.S. Dist. LEXIS 3527 (S.D.N.Y. 2000)) nor the existence of stipulations to "hold in 'abeyance' all proceedings and extend defendants' time to respond to the complaint" (Nicola Prods. Corp., 682 F. Supp. at 173; see also Evans v. Sroka, 2001 U.S. Dist. LEXIS 15466, 9-10 (E.D.N.Y. 2001)) constitute acceptable excuses for failure to file notices of removal within thirty days.

Since defendants failed to file for removal within thirty days of service of plaintiff's complaint as required by 28 U.S.C. § 1446(b), this case is remanded to the Supreme Court of the State of New York, Queens County.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: November 15, 2005
Brooklyn, New York

**SERVICE LIST:**

*Plaintiff's Attorney*
Sanjay Chaubey
350 Fifth Avenue
Ste 5013
New York, NY 10118

*Defendants' Attorney*
Stephen E. Pearlman
Pearlman & Lane
158-14 Northern Boulevard
Flushing, NY 11358